UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS CRAIG FUCHS,

      Plaintiff,

vs.                                Case No.:

RV RETAILER EAST, LLC,
JAYCO RV, INC.,  AND
CUMMINS, INC.

      Defendants.
_____/

## **COMPLAINT**

Plaintiff, Douglas Craig Fuchs ("Fuchs" or "Plaintiff"), by and through his undersigned counsel, sues Defendants, RV Retailer East, LLC d/b/a RV One Superstores Tampa ("RV One"), Jayco RV, Inc. ("Jayco") and Cummins, Inc. ("Cummins"), and states as follows:

## **JURISDICTION AND VENUE**

1.      This is an action for actual damages, costs and attorney's fees brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 ("MMWA") and Florida law. The amount in controversy in this suit is greater than the sum or value of $50,000.00 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

2.      The MMWA regulates consumer warranties and the procedures used to resolve warranty disputes. The broad purposes of the MMWA are: (1) to improve the adequacy of warranty information available to consumers, and thereby facilitate consumer choice; (2) to prevent deception; and (3) to improve competition in the marketing of consumer products.

3.      A "warrantor" is defined by the MMWA as "a supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5); see also 16 C.F.R. § 701.1(h) and 16 C.F.R. § 702.1(d).

4.      A "supplier" is defined by the MMWA as "any person engaged in the business of making a consumer product directly or indirectly available to consumers." 15 U.S.C. § 2301(4); see also 16 C.F.R. § 701.1(f) and 16 C.F.R. § 702.1(f).

5.      A "consumer" is defined by the MMWA as "a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." 15 U.S.C. § 2301(3); see also 16 C.F.R. § 701.1(i).

6.      A "consumer product" is defined by the MWWA as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)." 15 U.S.C. § 2301(1); see also 16 C.F.R. § 701.1(b) and 16 C.F.R. § 702.1(b).

7.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8.      Venue is proper in this District as Plaintiff resided in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

9.      Plaintiff has performed all conditions precedent necessary to the maintenance of this action.

## PARTIES

10.      Plaintiff is an individual who has, at all material times, resided in Hillsborough County, Florida.

11.      At all relevant times, Plaintiff has and continues to be a "consumer" as defined by15 U.S.C. § 2301(3) and 16 C.F.R. § 701.1(i).

12.      RV One is a Florida corporation and has a principal place of business in Ft. Lauderdale, Florida. RV One is subject to the jurisdiction of this Court as it transacts business in this district.

13.      At all relevant times, RV One has and continues to be a "supplier" as defined by 15 U.S.C. § 2301(4),16 C.F.R. § 701.1(f) and 16 C.F.R. § 702.1(f) and a "seller" as defined by 16 C.F.R. § 702.1(e).

14.      Jayco is an Indiana corporation and has a principal place of business in Middlebury, Indiana. Jayco is subject to the jurisdiction of this Court as it transacts business in this district.

15.      At all relevant times, Jayco has and continues to be a "warrantor" as defined by 15 U.S.C. § 2301(5), 16 C.F.R. § 701.1(h), and 16 C.F.R. § 702.1(d).

16.      Cummins is an Indiana corporation and has a principal place of business in Columbus, Indiana. Cummins is subject to the jurisdiction of this Court as it transacts business in this district.

17.      At all relevant times, Cummins has and continues to be a "warrantor" as defined by 15 U.S.C. § 2301(5), 16 C.F.R. § 701.1(h), and 16 C.F.R. § 702.1(d).

18.     At all times material, Defendants acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, and representatives.

## BACKGROUND

19.     On or about May 13, 2021, Plaintiff Fuchs purchased a new 2021 Jayco Greyhawk 29 MVP Class C (hereinafter referred to as the "Vehicle") from RV One for a total amount of $119,948.60.

20.     At all relevant times, the Vehicle was and continues to be a "consumer product" as defined by 15 U.S.C. § 2301(1), 16 C.F.R. § 701.1(b), and 16 C.F.R. § 702.1(b).

21.     The Vehicle was equipped with a new Onan 4,000-watt MicroQuiet generator with auto-changeover manufactured by Cummins (hereinafter referred to as the "Generator").

22.     At all relevant times, the Generator was and continues to be a "consumer product" as defined by 15 U.S.C. § 2301(1), 16 C.F.R. § 701.1(b), and 16 C.F.R. § 702.1(b).

23.     When Plaintiff picked up the Vehicle on May 13, 2021, he noted to RV One that the Vehicle had numerous defects, including, paint damage, missing hubcaps and that the walls/frame of the living quarters were tilting improperly. Plaintiff also advised RV One that he did not believe the refrigerator and other kitchen appliances were working properly. In response, the salesperson at RV One assured Plaintiff that all aspects of the Vehicle were working "without issue" and RV One took no action to repair any of the defects with the Vehicle raised by Plaintiff.

24.     At the time the Vehicle was purchase, RV One did not provide Plaintiff with a copy of the Jayco's Motorized Limited Warranty ("Jayco Warranty") for the Vehicle and/or advise him if the Jayco Warranty could be found online.

25.     At the time the Vehicle was purchase, RV One did not provide Plaintiff with a copy of the Cummins' Power Generation RV Generators: Manufacturer's Limited Warranty ("Cummins Warranty") for the Generator and/or advise him if the Cummins Warranty could be found online.

26.     Just a few weeks after purchasing the Vehicle from RV One, Plaintiff began having significant issues with Vehicle's operation and the function of many of the features in the living quarters of the Vehicle.

27.     On June 15, 2021, Plaintiff contacted Brenda Shure ("Ms. Shure"), Service Advisor at RV One, and advised of numerous non-functioning components of the Vehicle. Plaintiff provided Ms. Shure with a list of defects with the Vehicle, including but not limited to, that the bed in the living quarters was unable to slide out of storage to be used; that several components of the living quarters of the Vehicle such as the air conditioning/heat, refrigerator and stove/oven were inoperable; that several electrical outlets in the Vehicle were not live/did not work; that the TV on the outside of the Vehicle was inoperable; and reiterated his complaints made when he picked up the Vehicle regarding the defects to the paint on the Vehicle, the missing hubcaps and improperly tilting walls/frame of the living quarters.

28.     When Plaintiff never received a response from Ms. Shure after several days, he called RV One again and was advised that Ms. Shure was no longer employed at RV One. When Plaintiff asked to speak to RV One's Service Manager, Plaintiff was transferred to voicemail box, and he left a message again explaining the numerous defects with the Vehicle. Plaintiff never received a return call from the Service Manager or anyone else at RV One.

29.     When no one at RV One called him back to schedule a service appointment or discuss the problems with the Vehicle, Plaintiff took the Vehicle to RV One and asked to speak to

the Regional Manager about how RV One had been ignoring his communications regarding the various defects with the Vehicle he had reported.

30.     The RV One's Regional Manager took Plaintiff to speak with the Service Manager, who immediately began yelling at Plaintiff and accused Plaintiff of trying to get him fired.

31.     During this visit, the Regional Manager eventually looked at the bed of the Vehicle and attempted to fix the defect with the bed's inability to slide out but was unable to do so. RV One did not repair any of the other defects with the Vehicle that Plaintiff had notified them of, including the defect regarding the improperly tilting walls/frame of the living quarters.

32.     In or around early-July 2021, Plaintiff began to suspect that some of the problems he was having inoperable nature of the refrigerator, stove/oven and air conditioning unit in the Vehicle were due to a defect with the Generator.

33.     Accordingly, on or around July 14, 2021, Plaintiff took the Vehicle to a Cummins authorized distributor located at 5910 E Hillsborough Ave, Tampa, FL 33610 for service on the Generator.

34.     Cummins advised Plaintiff that there had been a defect with the Vehicle's Generator. Cummins performed some repairs and advised Plaintiff that it fixed all the defects with the Generator.

35.     In or around August 2, 2021, Plaintiff spoke to David Lasch, Service Director at RV One, via telephone and email to again complain of numerous defective components of the Vehicle and Mr. Lasch assured Plaintiff that RV One would set up an appointment for him to have the Vehicle fixed.

36.     However, 10 days went by without anyone from RV One contacting Plaintiff to schedule an appointment for service to the Vehicle. When Plaintiff followed up with Mr. Lasch

about scheduling an appointment for service, Mr. Lasch admonished Plaintiff for contacting him when they had just spoken "a few days ago" and again promised to set up a service appointment for the Vehicle. However, neither Mr. Lasch nor anyone else at RV One ever contacted Plaintiff to set up an appointment for service on the Vehicle.

37.    In early September 2021, the Vehicle's engine would not start. Because RV One was refusing to fix any defects with the Vehicle, Plaintiff took the Vehicle to Brandon Ford, which found that the issue was caused by the fuel pump in the Vehicle. The Vehicle was unavailable to Plaintiff for one week during the time it was repaired.

38.    In October and November 2021, Plaintiff had several telephone and emails communication with Anthony Sahli, Regional Manager for RV One, wherein Plaintiff continued to complain of the numerous defective components of the Vehicle, including but not limited to, the inability of the bed to slide out; that the refrigerator, oven, water heater, TV and electrical outlets were not functioning; that he was having issues with the fuel pump and/or fuel line; and that the paint damage had never been fixed and the tilting walls/frame of the living quarters had never been fixed.

39.    Mr. Sahli advised him that the Jayco Warranty would not apply to these problems because it had "expired."

40.    In addition, instead of offering repair the defects with the Vehicle, Mr. Sahli instead advised Plaintiff he could trade-in the Vehicle and purchase a new recreational vehicle.

41.    Thus, RV One would not agree to repair any of the defects Plaintiff identified with the Vehicle, but instead, only offered Plaintiff the ability to use the trade-in value of the Vehicle towards the purchase of a new recreational vehicle.

42.     After his communications with Mr. Sahli and several sales associates at RV One in early to min-November 2021, Plaintiff did not receive any further communications from RV One, including no offers to repair the numerous defects with the Vehicle he had repeatedly identified starting in March 2021.

43.     Throughout November 2021 Plaintiff continued to have problems with defective components in the Vehicle which resulted in him accruing expenses for hotel accommodation and ride sharing/taxi services.

44.     On or about November 24, 2021, because RV One had continued to refuse to repair defects in the Vehicle despite Plaintiff's numerous requests, Plaintiff took the Vehicle to A&A Mobile RV Service ("A&A Service") for service on the water pump and refrigerator.

45.     In early 2022, Plaintiff had further problems with defects to the Vehicle. Because RV One had refused to provide him any assistance with resolving these issues, in or around early March 2022, Plaintiff again took the Vehicle to A&A Service.

46.     Plaintiff was required to replace several components that had never worked properly, including but not limited to, the water heater and the water pump.

47.     In addition, Plaintiff had the paint on the Vehicle repaired and the missing hubcaps replaced, as these defects had never been repaired by RV One even though Plaintiff had identified them when he picked up the Vehicle on March 13, 2021.

48.     In May and June 2022, Plaintiff's Vehicle continued to exhibit numerous defects. On or around June 3, 2022, while traveling in Oregon, the Vehicle's engine would not start.

49.     The Vehicle had to be towed to Mid Lane Truck & Trailer Repair in Eugene, Oregon, which found that the issue was caused by the fuel pump in the Vehicle.

50.     The Vehicle was unavailable to Plaintiff for around 4 days during the time it was repaired, and Plaintiff was required to stay in a hotel during this time.

51.     Just a few weeks later, on or around June 15, 2022, while traveling in California, the Vehicle's engine again would not start.

52.     The Vehicle had to be towed to Razzari Ford in Merced, California, which found that the fuel pump was still the problem. Razzari Ford also found an issue with the breaks and stability control due to a faulty sensor.

53.     The Vehicle was unavailable to Plaintiff for around 8 days during the time it was repaired, and Plaintiff was required to stay in a hotel during this time.

54.     In or around mid-October 2022, Plaintiff again began having problems with the Vehicle's Generator, which was affecting his ability to use many of the internal features in the living quarters that were powered by the Generator.

55.     On or about November 3, 2022, Plaintiff took the Vehicle to a Cummins authorized distributor located at 5910 E Hillsborough Ave, Tampa, FL 33610 for service on the Generator.

56.      Although the Generator was still protected by the Cummins Warranty, Cummins did not repair and/or replace the generator as required, but instead, charged Plaintiff for a new generator for the Vehicle.

57.     As a result of Defendants' actions and/or inactions, Plaintiff was forced to accrue numerous out of pocket expenses, including but not limited to, the cost of purchasing two gas power generators and numerous tanks of gasoline to power the components of living quarters of the Vehicle; the costs for repairing defects in the engine and fuel pump/fuel line; replacing defective water heater, water pump, and two batteries; the cost of replacing the Generator, which was still under Warranty; the cost to have the paint fixed and hubcaps provided; costs for numerous

nights of hotel accommodations when he was either unable to sleep in the Vehicle and/or it was being serviced while he was traveling; costs for towing services; and costs for ride sharing/taxi services.

58.     Also, as a result of Defendants' actions and/or inactions, Plaintiff suffered damages to the value of the Vehicle and lost the enjoyment and use of the Vehicle. Plaintiff has suffered mental and emotional pain, anguish, frustration, and other emotional pain.

59.     As a result of the foregoing, Plaintiff has retained the services of undersigned counsel and have agreed to pay said counsel a reasonable attorney's fee.

## COUNT I

**Failure to Provide Consumer with Written Warranties
as Required by MMWA Against RV One**

60.     Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

61.     This is a claim for damages under the MMWA.

62.     Prior to purchasing the Vehicle from RV One on or about March 13, 2021, Plaintiff was a "prospective buyer" under 16 C.F.R. § 702.3.

63.     The actual cost of the Vehicle exceeds $15.00.

64.     Prior to his purchase of the Vehicle, RV One failed its duties as a "seller" to him under 16 C.F.R. § 702.3(a) by failing to provide and/or make the Jayco Warranty and the Cummins Warranty available to him for examination prior to his purchase of the Vehicle as required by 16 C.F.R. § 702.3(a)(1) or (a)(2), 15 U.S.C. § 2302 and 15 U.S.C. § 2309.

65.     Plaintiff was damaged by RV One for its failure to make the Jayco Warranty and the Cummins Warranty available for examination to him prior to his purchase of the Vehicle and he is entitled to damages under 15 U.S.C. § 2310(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Plaintiff's actual damages suffered;
(d)    Reasonable attorney's fees and the costs of this litigation;
(c)    Pre-judgment and post-judgment interest at the legal rate; and
(d)    Such other relief as the Court deems equitable, just, and proper.

## COUNT II

### Failure to Provide Consumer with Written Warranties as Required by MMWA Against Jayco

66.    Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

67.    This is a claim for damages under the MMWA.

68.    Plaintiff, as the buyer of the Vehicle from RV One, Plaintiff was a "consumer" as defined by 15 U.S.C. § 2301(3) and 16 C.F.R. § 701.1(i).

69.    The actual cost of the Vehicle exceeds $15.00.

70.    In selling the Vehicle to Plaintiff, RV One was acting as the "seller", as defined by 16 C.F.R. § 702.1(e), of a "consumer product" for Jayco.

71.    Jayco is a "warrantor" of the Vehicle as defined by 15 U.S.C. § 2301(5), 16 C.F.R. § 701.1(h), and 16 C.F.R. § 702.1(d).

72.    Prior to his purchase of the Vehicle, Jayco failed its duties as a "warrantor" to him under 16 C.F.R. § 702.3(b) by failing to provide RV One with the warranty materials necessary for RV One to comply with the requirements set forth in 16 C.F.R. § 702.3(a) as required by 16 C.F.R. § 702.3(b) and 15 U.S.C. § 2302 and 15 U.S.C. § 2309.

73.    Plaintiff was damaged by Jayco's failure to make the necessary warranty materials available to RV One and he is entitled to damages under 15 U.S.C. § 2310(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Plaintiff's actual damages suffered;
(d)     Reasonable attorney's fees and the costs of this litigation;
(c)     Pre-judgment and post-judgment interest at the legal rate; and
(d)     Such other relief as the Court deems equitable, just, and proper.

## COUNT III

### Failure to Provide Consumer with Written Warranties
### as Required by MMWA Against Cummins

74.     Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

75.     This is a claim for damages under the MMWA.

76.     Plaintiff, as the buyer of the Vehicle's Generator from RV One, Plaintiff was a "consumer" as defined by 15 U.S.C. § 2301(3) and 16 C.F.R. § 701.1(i).

77.     In selling the Vehicle with the Generator to Plaintiff, RV One was acting as the "seller", as defined by 16 C.F.R. § 702.1(e), of a "consumer product" for Cummins.

78.     Cummins is a "warrantor" of the Vehicle's Generator as defined by 15 U.S.C. § 2301(5), 16 C.F.R. § 701.1(h), and 16 C.F.R. § 702.1(d).

79.     Prior to Plaintiff purchase of the Vehicle, Cummins failed its duties as a "warrantor" to him under 16 C.F.R. § 702.3(b) by failing to provide RV One with the warranty materials necessary for RV One to comply with the requirements set forth in 16 C.F.R. § 702.3(a) as required by 16 C.F.R. § 702.3(b) and 15 U.S.C. § 2302 and 15 U.S.C. § 2309.

80.     Plaintiff was damaged by Cummins' failure to make the necessary warranty materials available to RV One for the Generator and he is entitled to damages under 15 U.S.C. § 2310(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Plaintiff's actual damages suffered;
(b)     Reasonable attorney's fees and the costs of this litigation;
(c)     Pre-judgment and post-judgment interest at the legal rate; and
(d)     Such other relief as the Court deems equitable, just, and proper.

## COUNT IV

**Failure to Clearly Describe All Warranty Terms in a Single Document
in Violation of the MMWA's Disclosure Rule Against Jayco**

81.     Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

82.     Jayco is "warrantor" of the Vehicle as defined by 15 U.S.C. § 2301(5), 16 C.F.R. § 701.1(h), and 16 C.F.R. § 702.1(d).

83.     In its written Jayco Warranty for the Vehicle, Jayco failed to include, for a product that actually costs consumers more than $15, all warranty terms in a single document that contain a clear description and identification of products, parts, characteristics, components, or properties covered by and, where necessary for clarification, excluded from the Jayco Warranty, as required by the Disclosure Rule, 16 C.F.R. § 701.3(a)(2).

84.     Instead, the Jayco Warranty includes vague description of what portions of the Vehicle are covered and not covered and directs the owner to check with other entities and/or manufacturers to fully understand the Jayco Warranty's coverage as it states, "[a]ny component, system or part warranted by another entity" is a component that is not covered by the Jayco Warranty.

85.     These acts or practices of the Jayco violate 16 C.F.R. 701.3(a)(2).

86.     Plaintiff was damaged by Jayco's failure to comply with 16 C.F.R. 701.3(a)(2) and he is entitled to damages under 15 U.S.C. § 2310(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Plaintiff's actual damages suffered;
(b)    Reasonable attorney's fees and the costs of this litigation;
(c)    Pre-judgment and post-judgment interest; and
(d)    Such other relief as the Court deems equitable, just, and proper

## <u>COUNT V</u>

**Breach of Written Warranty under the MMWA Against Jayco**

87.    Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

88.    This is a claim for damages related to breach of a written limited warranty by Jayco under the MMWA.

89.    Plaintiff, the buyer of the Vehicle, purchased the Vehicle manufactured by Jayco from RV One on or about March 13, 2021.

90.    Plaintiff's purchase of the Vehicle was not a resale as the Vehicle manufactured by Jayco was sold as "new" by RV One.

91.    Jayco provides a written limited warranty, the Jayco Warranty, for the Vehicle which promises to "repair any covered defect discovered within the warranty coverage period." *See Exhibit A, Motorized Limited Warranty*.

92.    The Jayco Warranty is "written warranty" as defined by 15 U.S.C. § 2301(6).

93.    The Jayco Warranty provides a coverage period of two year or 24,000 miles to remedy defects to a motorhome, such as the Vehicle, and a period of three years to remedy "substantial defects" to any "Structure Components" of a motorhome which it defines as:

> Structure Components means materials and/or workmanship directly attributable to Jayco relating to the lamination of the fiberglass sidewall assembly, the lamination of the rear wall assembly, the lamination of the fiberglass front wall (wrap) assembly, sidewall/end wall/front and rear wall frame assembly (wood and

aluminum), roof frame assembly (wood and aluminum), and floor frame assembly (wood and aluminum).

94.     The Jayco Warranty also provides that "[i]f you discover a defect or damage to the Motorhome when you take delivery of your Motorhome, you MUST notify your dealer OR Jayco within 10 days of the date of purchase to have defect or damage repaired at no cost to you."

95.     The Jayco Warranty further provides that "Jayco's obligation is to repair any covered defect discovered within the warranty coverage period provided: (1) you notify Jayco or an authorized dealer within 10 days of your discovery of a defect; AND (2) you deliver the Motorhome to Jayco OR an authorized dealership at your cost and expense."

96.     RV One is an "authorized dealership" of Jayco.[1]

97.     Plaintiff relied upon the written terms of the Jayco Warranty regarding repair of covered defects to the Vehicle made by Jayco when he:

    a.  Informed his "authorized dealer," RV One, on the day he purchased the Vehicle that the Vehicle had covered defects, including paint damage, missing hubcaps and that the living quarters of the Vehicle were tilting improperly; and

    b.  Informed his "authorized dealer," RV One, within 10 days of his discovery of covered defects, such as the failure for the bed to slide out and that the walls/frame of the living quarters of the Vehicle were tilting improperly; and

    c.  Delivered the Vehicle to Jayco's "authorized dealership," RV One, for the repairs to be made.

98.     Jayco breached the written Jayco Warranty with Plaintiff by refusing and failing to repair and/or remedy the covered defects to the Vehicle when he timely notified his "authorized dealer," RV One, of the covered defects and made the Vehicle available RV One for the necessary repairs.

---

[1] See: https://www.jayco.com/dealers/rv-one-superstores-tampa-dover/

99.    Jayco's breach of its written Jayco Warranty caused Plaintiff damages.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Award Plaintiff monetary compensatory damages for Jayco's breach of its written warranty;

(b)    Award Plaintiffs the full purchase price of the defective Vehicle;

(c)    In the alternative, award Plaintiff his actual damages equal to the difference in the value of the Vehicle as promised and the value of the Vehicle as received by Plaintiff;

(d)    Award Plaintiff his actual damages suffered;

(e)    Award Plaintiff his prejudgment interest; and

(f)    Grant such other and further relief as this Court deems just and proper.

## COUNT VI

**Breach of Written Warranty under the MMWA Against Cummins**

100.    Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

101.    This is a claim for damages related to the breach of a written warranty by Cummins under the MMWA.

102.    Plaintiff, the buyer of the Vehicle, purchased the Vehicle which contained the Generator manufactured by Cummins, from RV One on or about March 13, 2021.

103.    Plaintiff's purchase of Generator was not a resale as the Generator manufactured by Cummins was sold as "new" by RV One.

104.    Cummins provides a written express warranty, the Cummins Warranty, for the generator which promises to "repair or replace" any product or product component that "fails due to a defect in CPG material or workmanship." *See, Exhibit B, Cummins Power Generation RV Generators: Manufacturer's Limited Warranty*.

105.    The Cummins Warranty is "written warranty" as defined by 15 U.S.C. § 2301(6).

106.    The Cummins' Warranty provides a coverage period of three year or 2,000 hours to remedy defects in covered components of Generator, such as the one installed in Vehicle.

107.    The Cummins' Warranty further provides that an "[a]ll claims must be submitted to a CPG authorized distributor, dealer, or their designated service representative within thirty (30) days after the product or product component has failed due to a defect."

108.    The location where Plaintiff took the Vehicle for repairs, Cummins Sales and Service located at 5910 East Hillsborough Avenue Tampa, Florida 33610, is an "authorized distributor" of Cummins.

109.    Plaintiff relied upon the written terms of the Cummins' Warranty regarding repair of defects to the Generator made by Cummins.

110.    Specifically, when Plaintiff noticed defects to Vehicle's generator, he notified Cummins' "authorized distributor" in Tampa within 30 days of the discovery of the defects and delivered the Vehicle to Cummins "authorized distributor."

111.    Cummins breached the written Cummins Warranty with Plaintiff by refusing and failing to repair and/or replace covered defective components to the Vehicle's generator, which was still under warranty, but instead, forcing Plaintiff to purchase a new generator.

112.    Cummins breach of its written Cummins Warranty caused Plaintiff damages.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Award Plaintiff monetary compensatory damages for Cummins' breach of its written warranty;
(b)    Award Plaintiffs the full purchase price of the defective Vehicle;
(c)    In the alternative, award Plaintiff his actual damages equal to the difference in the value of the Vehicle as promised and the value of the Vehicle as received by Plaintiff;
(d)    Award Plaintiff his prejudgment interest; and
(e)    Grant such other and further relief as this Court deems just and proper.

## COUNT VII

### Fraud in the Inducement Against RV One

113.    Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

114.    In early March 2021, Plaintiff discussed purchasing the Vehicle with sales agent employed by RV One.

115.    While inspecting the Vehicle with RV One's sales agent, prior to purchasing and taking possession of the Vehicle, Plaintiff pointed out what he believed were defects with the Vehicle, including but not limited to, paint damage, missing hubcaps, an improperly tilting walls/frame of the living quarters, and that the refrigerator and other kitchen appliances did not appear to be working properly

116.    Defendant RV One, via its sales agent, made a false statement of material fact by stating to Plaintiff that all aspects of the Vehicle were not defective and were working "without issue".

117.    Defendant RV One knew or should have known that this statement was false.

118.    Defendant RV One made the statement to induce Plaintiff to enter into a contract to purchase the Vehicle.

119.    The false statements made by Defendant have proximately caused injury to Plaintiff, who relied upon these misrepresentations when purchasing the Vehicle which was, in fact, replete with problems.

120.    Plaintiff has suffered damages as a result his reliance upon RV One's knowingly false statements made to induce him to purchase the Vehicle.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)  Award Plaintiffs the full purchase price of the defective Vehicle;

(b)  In the alternative, award Plaintiff his actual damages equal to the difference in the value of the Vehicle as promised and the value of the Vehicle as received by Plaintiff;

(c)  Award Plaintiff his actual damages suffered;

(d)  Award Plaintiff any and all equitable remedies available, such as recission of the contract to purchase the Vehicle from RV One;

(e)  Award Plaintiff his prejudgment interest;

(f)  Award Plaintiff punitive damages; and

(g)  Grant such other and further relief as this Court deems just and proper.

## <u>COUNT VIII</u>

### Violation Of Florida's Deceptive And Unfair Trade Practices Act (FDUPTA) Against Jayco and RV One

121.    Plaintiff realleges and incorporates paragraphs 1 through 59, as if fully set out herein.

122.    This is a cause of action for damages for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla, Stat. §501.201, *et seq*.

123.    RV One and Jayco committed a deceptive and unfair trade act or practice in the conduct of trade or business when it sold the Vehicle to Plaintiff.

124.    Specifically, RV One and Jayco advertised on the Moroney sticker for the Vehicle a list of numerous elements of "standard equipment," and advised that there was a two-year limited warranty and three-year structural warranty on the Vehicle.

125.    However, the warranties advertised by Jayco and RV One only covered very minimal portions of the Vehicle and did not include most of the "standard equipment" included in the Vehicle, including major components of the Vehicle such as the chassis and engine.

126.    Plaintiff relied upon the deceptive and unfair trade practices employed by RV One and Jayco and was induced into purchasing the Vehicle believing it had warranties covering the "standard equipment" in the Vehicle.

127.    Plaintiff has suffered damages as a direct and proximate result of his reliance upon Jayco and RV One's deceptive and unfair trade practices.

128.    All conditions precedent to the bringing of this action have occurred, been performed, or been waived.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Award Plaintiffs the full purchase price of the defective Vehicle;
(b)    In the alternative, award Plaintiff his actual damages equal to the difference in the value of the Vehicle as promised and the value of the Vehicle as received by Plaintiff;
(c)    Award Plaintiff his actual damages suffered;
(d)    Award Plaintiffs the maximum civil penalties available under Fla. Stat. §501.2075;
(e)    Award Plaintiffs their attorneys' fees and costs for bringing this claim;
(f)    Award Plaintiffs their prejudgment interest; and
(g)    Grant such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demand trial by jury as to all counts so triable.

Date: January 20, 2023

Respectfully submitted,

CREED & HALL
By:  *Dennis A. Creed, III*
    Dennis A. Creed, III
    Florida Bar. No. 0043618
    dcreed@creedlawgroup.com
    Bradley R. Hall
    Florida Bar. No. 0026172
    bhall@creedlawgroup.com

For the firm

13043 W Linebaugh Ave
Tampa, FL 33626
Telephone: (813) 444-4332
Facsimile: (813) 441-6121

Attorneys for Plaintiff Douglas Craig Fuchs